Crude Oil Corporation of America v. Commissioner.
Crude Oil Corp. of America v. Commissioner
Docket No. 3362.
United States Tax Court
1947 Tax Ct. Memo LEXIS 74; 6 T.C.M. (CCH) 1091; T.C.M. (RIA) 47267; October 6, 1947
W. C. Franklin, Esq., 232 Mayo Bldg., Tulsa, Okla., for the petitioner. D. Louis Bergeron, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: In this case opinion was promulgated on April 4, 1946, and pursuant to notice under Rule 50 decision was entered on June 14, 1946, that there was an overpayment in income tax for the year 1940 in the amount of $703.43, and a deficiency in declared value excess profits tax for 1940 in the amount of $7,095.60. Upon appeal to the United States Circuit Court of Appeals, Tenth Circuit, that Court pursuant to its *75 opinion rendered on May 3, 1947, on June 10, 1947, issued its mandate, reversing the decision of this Court and remanding the case to The Tax Court of the United States to determine the issue of fact and to give no weight to the presumption of correctness of the Commissioner's finding. Pursuant to the mandate and by order of July 16, 1947, the case was set for hearing on August 27, 1947, for the determination of the issue of fact. Both parties appeared on that date by their respective counsel and each announced that he had no evidence to offer additional to that formerly adduced. The Court therefore proceeds to determine the issue of fact. That issue is whether the petitioner had elected, in a capital stock tax return filed before July 31, 1940, to declare a value for its capital stock under section 1202 (e) of the Internal Revenue Code, as added by section 301 of the Revenue Act of 1939; and involves the question as to whether the capital stock tax return was filed within the statutory period. The petitioner proved that the return, containing the requisite election, was enclosed in an envelope properly addressed to the Collector's office at Oklahoma City, Oklahoma, *76 with proper postage duly affixed, and deposited in the United States mail at Tulsa, Oklahoma, in time to have been received by the Collector, in the ordinary course of mail, within the statutory filing period. The evidence adduced by the respondent was to the effect that the mail received by the Collector's office in Oklahoma City was carefully handled, and the return was not found. We held that the presumption from the above described mailing did not overcome the presumption of the correctness of the Commissioner's determination, based upon nonfiling, therefore found for the respondent. This conclusion as to presumption the Circuit Court found to be error, holding that such mailing raises a rebuttable presumption of receipt, an inference of fact, and that in the absence of evidence of non-receipt, a finding in opposition thereto is against the weight of the evidence. We can not, in our opinion, in the absence of affirmative evidence of non-receipt, and in the face of the presumption of receipt from mailing, as construed by the Circuit Court, find that the return was not received, without relying on the presumption of correctness of the Commissioner's finding and determination; and *77 since under the opinion and mandate of that Court we are to give no weight to the presumption of correctness of the Commissioner's finding, we find, based upon the presumption of receipt from mailing, and regarding such proof as prima facie evidence of receipt, as found by the Circuit Court, that the requisite election was filed within the statutory time. No additional evidence having been introduced, the facts are otherwise found as originally found by us. Decision will be entered under Rule 50.